**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM ANTHONY ELDRIDGE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER MATTHEW DIEHL, CITY OF | : | NO.  10-3537 |
| ALLENTOWN, SGT. JOHN HILL, OFFICER | : | |
| PATRICK BULL, and JOHN DOE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                    September 22 , 2011

Currently pending before the Court is pro se Plaintiff William Anthony Eldridge's

("Plaintiff") Motion to Amend the Amended Complaint.  For the following reasons, the Motion

is denied.

## I.      FACTUAL AND PROCEDURAL HISTORY

This matter stems from Plaintiff's November 5, 2008 arrest for possession with intent to

distribute crack cocaine, disorderly conduct, resisting arrest, criminal conspiracy, and related

charges.  (Pl.'s Mot. Amend ¶ 2; Defs.' Resp. Opp'n, Ex. A.)  Plaintiff alleges that Defendant

Officer Matthew Diehl violently attacked him during the course of the arrest, causing significant

injuries to his face, and that Defendants Sergeant John Hill and Officer April Kummerer[1] failed

to intervene and prevent those injuries.  (Am. Compl. ¶¶ 19-21, 24, 44.)  He further alleges that

---

[1]  When Plaintiff joined Officer Kummerer as a Defendant to this action, he did not
include her name in the caption to the Amended Complaint.

once he was in police custody, Defendant Diehl ignored his request to be taken to a hospital.  (Id. ¶ 27.)  Finally, Plaintiff contends that Defendants Officer Patrick Bull and John Doe – a paramedic who examined Plaintiff after the arrest – falsified a medical report to hide the severity of Plaintiff's injuries.  (Id. ¶¶ 38-41.)

Plaintiff filed his initial Complaint on August 24, 2010.  Defendants filed a Motion to Dismiss on October 25, 2010, which this Court granted in part and denied in part on February 2, 2011.  On February 22, 2011, Plaintiff filed an Amended Complaint, which includes the following claims: (1) Defendants Diehl, Hill, and Kummerer used excessive force in violation of the Fourth Amendment during the course of Plaintiff's arrest; (2) Defendant Diehl ignored Plaintiff's request for medical treatment in violation of either the Fourteenth Amendment or Eighth Amendment; and (3) Defendants Bull and Doe conspired to deny Plaintiff medical treatment in violation of the Fourteenth or Eighth Amendment.  (Am. Compl. ¶¶ 44-46.)

On May 12, 2011, Plaintiff was convicted in the Lehigh County Court of Common Pleas of resisting arrest; disorderly conduct; manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver; and intentionally possessing a controlled substance by a person not registered.  (Defs.' Resp. Opp'n 2.)  The criminal conspiracy charge, however, was withdrawn.  (Pl.'s Mot. Amend ¶ 21; Defs.' Resp. Opp'n, Ex. A.)  This charge was based on the allegation that Plaintiff conspired with another man to possess and distribute crack cocaine.  (Pl.'s Mot. Amend ¶ 3.)  On August 19, 2011, Plaintiff filed the instant Motion to Amend to include claims for false arrest and malicious prosecution, alleging that the criminal conspiracy charge was filed without probable cause and with the intent to subject Plaintiff to more severe penalties.  (Id. ¶ 32.)  Defendants filed their Response in Opposition on August 31,

2011.  The Motion is now ripe for the Court's consideration.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a), a party may seek the court's leave to amend a pleading, and the court should freely grant such leave "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Third Circuit Court of Appeals has held that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'"  Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196-97 (3d Cir. 1994) (quoting Bechtel v. Robinson, 886 F.2d 644, 652-53 (3d Cir. 1989)).  "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (citing Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)).

## III.   DISCUSSION

A cause of action for malicious prosecution made pursuant to 42 U.S.C. § 1983 must allege the following:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).  To bring a Fourth Amendment false arrest claim under § 1983, a plaintiff must allege: "(1) that there was an arrest; and (2) that [the] arrest was made without probable cause."  Williams v. Temple Univ., No. Civ.A.04-831,

2011 WL 2516234, at *5 (E.D. Pa. June 21, 2011) (citing Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)).

Plaintiff requests leave to amend his Amended Complaint to include claims for both false arrest and malicious prosecution against Defendants Diehl, Hill, and Kummerer.[2]  (Pl.'s Mot. Amend ¶ 32.)  According to Plaintiff, the assistant district attorney withdrew the criminal conspiracy charge during the course of his trial because there was insufficient evidence to prove the offense.  (Id. ¶¶ 19-21.)  Plaintiff alleges that Defendant Diehl filed the conspiracy charge, which he knew to be false, so that Plaintiff would face more severe penalties, including a higher bail.  (Id. ¶¶ 22, 32.)  Plaintiff also avers that Defendants Kummerer and Hill, as well as Officer David Howells III, knew that Defendant Diehl fabricated the conspiracy charge but failed to report his misconduct.  (Id. ¶¶ 24, 28-32.)  As a result, Plaintiff contends he was falsely arrested and maliciously prosecuted in connection with the charge.

Defendants do not respond to Plaintiff's allegations concerning the criminal conspiracy charge or the reason it was withdrawn.  Rather, they argue that pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), allowing Plaintiff to sue for false arrest and malicious prosecution would constitute an impermissible collateral attack on his underlying conviction for related charges in the Lehigh County Court of Common Pleas.  (Defs.' Resp. Opp'n 3-4.)

Defendants are correct that Plaintiff's conviction precludes any cause of action for false arrest.  When making an arrest, "[p]robable cause need only exist as to any offense that could be charged under the circumstances."  Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir.

---

[2]  Plaintiff also seeks to bring these claims against David Howells III, another officer who apparently was involved in Plaintiff's arrest, but who has not been named as a defendant in this action. (Pl.'s Mot. Amend ¶¶ 4, 32.)

4

1994) (citing Edwards v. City of Philadelphia, 860 F.2d 568, 575–76 (3d Cir. 1988)).  Therefore,

the fact that Plaintiff was found guilty of some of the charges in the underlying criminal trial

establishes that Defendants had probable cause to arrest him.

With respect to a potential cause of action for malicious prosecution, however, the Court

finds that the Heck opinion cited by Defendants is not directly on point.  In Heck, the Supreme

Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence."  512 U.S. at 487.  Here, the criminal conspiracy charge that forms the

basis for Plaintiff's proposed amended complaint was withdrawn.  Therefore, if this Court were

to find that Plaintiff was maliciously prosecuted for the conspiracy charge, it would not

necessarily imply the invalidity of those charges for which he *was* convicted.

Rather, the Court finds that the controlling precedent in this matter is Kossler v. Crisanti,

564 F.3d 181 (3d Cir. 2009).  There, the Third Circuit addressed the following question:

> [w]hether acquittal on at least one criminal charge constitutes "favorable
> termination" for the purpose of a subsequent malicious prosecution claim, when the
> charge arose out of the same act for which the plaintiff was convicted on a different
> charge during the same criminal prosecution.  On these facts, we conclude that this
> question should be answered in the negative.  As an initial observation, we note that
> various authorities refer to the favorable termination of a "proceeding," not merely
> a "charge" or "offense."  . . .  Therefore, the favorable termination of some but not
> all individual charges does not necessarily establish the favorable termination of the
> criminal proceeding as a whole.

Id. at 188 (internal citations omitted).  In this case, the conspiracy charge at issue arose out of the

same act – possession of crack cocaine – for which Plaintiff was convicted on a different charge.

As such, even though Plaintiff was not found guilty of criminal conspiracy, that charge cannot

form the basis of a malicious prosecution claim.  Plaintiff's Motion to Amend is therefore

denied.

IV.     **CONCLUSION**

For all of the foregoing reasons, the Court finds that Plaintiff's conviction in the underlying criminal trial establishes that Defendants had probable cause to arrest him and precludes a cause of action for false arrest.  In addition, because the underlying criminal proceeding did not terminate in Plaintiff's favor, he cannot rely on the withdrawn charge of conspiracy to support a claim for malicious prosecution.  Therefore, Plaintiff's Motion to Amend is denied.

An appropriate Order follows.